UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER LOBONC-BILLHARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2522 JCH |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, filed November 2, 2017. (ECF No. 8). In her motion, Plaintiff contends that Defendant's Notice of Removal was untimely, as it was filed more than one year after the commencement of this action in state court, in violation of 28 U.S.C. § 1446(c), and Plaintiff did not act in bad faith to prevent removal. Citing *Brown v. Tokio Marine and Fire Ins. Co., Ltd.*, 284 F.3d 871 (8th Cir. 2002), Defendant counters that the one-year time limitation is inapplicable to this case, as it applies only to cases that were not removable to federal court when originally filed.

28 U.S.C. § 1446(b) provides in relevant part as follows:

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter….

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(c) further limits removal, by providing that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

This case originally commenced in the Circuit Court for the City of St. Louis, Missouri, on or about May 25, 2016, so more than one year passed between its commencement and Defendant's removal on October 4, 2017. In *Brown*, however, the Eighth Circuit held that the "rules of usage and statutory construction lead inevitably to the conclusion that the one-year limitation period….only applies to cases that were not removable to federal court when originally filed." *Brown*, 284 F.3d at 873. The parties here do not dispute that the case was removable when it originally was filed in state court, and so Eighth Circuit precedent excludes this case from the one-year limitation of §1446(c). *See Williams v. Ford Motor Co.*, Case No. 1:12CV108 SNLJ, 2012 WL 5458919, at *1 (E.D. Mo. Nov. 8, 2012).

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's Motion to Remand (ECF No. 8) is **DENIED**.

Dated this    28th    Day of November, 2017.

\s\  Jean C. Hamilton
UNITED STATES DISTRICT JUDGE